IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | § | | |
| | § | | |
| v. | § | CRIMINAL NO. 4:07CR-187-ALM-KPJ | |
| | § | | |
| DANIEL SHIEFFEN (5) | § | | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on April 17, 2018, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Maureen Smith.

Daniel Shieffen was sentenced on September 19, 2008, before The Honorable Richard A. Schell of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute Heroin, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of VI, was 92 to 115 months. Daniel Shieffen was subsequently sentenced to 96 months imprisonment followed by a five (5) year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure and substance abuse testing and treatment. On July 1, 2015, the Defendant's term of imprisonment was reduced to seventy (70) months. On October 30, 2015, Daniel Shieffen completed his period of imprisonment and began service of the supervision term.

On December 12, 2016, Defendant's terms of supervision were modified to include mental health treatment. On February 15, 2017, Defendant's terms of supervision were modified to include total alcohol abstinence. On December 12, 2017, Defendant's terms of supervision were modified to include 180 day placement in a halfway house.

On January 9, 2018, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 288 Sealed]. The Petition asserted that Defendant violated five (5) conditions of supervision, as follows: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (3) Defendant shall refrain from the use of all intoxicants for the remainder of his supervision term; (4) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; and (5) Defendant shall reside in a Residential Reentry Center or similar facility, in a community corrections component, for a period of 180 days to commence immediately, and shall abide by the rules and regulations of the center and pay subsistence according to the United States Bureau of Prison's guidelines.

The Petition alleges that Defendant committed the following acts: (1), (2), and (3) Defendant was arrested on February 1, 2017, by the Tyler, Texas, Police Department. Defendant was arrested by the Mineola, Texas, Police Department on September 2, 2017, for Public Intoxication. Defendant was arrested again on September 3, 2017, by the Tyler, Texas, Police Department for Public Intoxication and Assault by Contact; (4) Defendant submitted a urine specimen that tested positive for methamphetamine on December 18, 2017; and (5) on

December 27, 2017, Defendant possessed an unauthorized cell phone and subsequently refused to turn over the phone to staff at the halfway house. On December 28, 2017, Defendant absconded from the halfway house.

Prior to the Government putting on its case, Defendant entered a plea of true to all five (5) of the allegations of the Petition. Having considered the Petition and the plea of true to all five (5) allegation of the Petition, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of imprisonment of twenty-seven (27) months, with no term of supervised release to follow. Said term of imprisonment takes into account the 172 days of unserved community confinement previously ordered by the Court and that may be converted to an equivalent period of imprisonment in accordance with U.S.S.G. 7b1.3(d). Additionally, the Court recommends that during the term of his imprisonment the Defendant participate in a program of treatment for drug abuse, and follow the rules and regulations of that program until discharged.

The Court also recommends that Defendant be housed in Bastrop, Texas, or the Northeast Texas area, if appropriate.

**SIGNED this 19th day of April, 2018.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE